RECEIVED
IN LAKE CHARLES, LA
APR - 2 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20084-007 |
| VS. | : | JUDGE MINALDI |
| ABRAHAM SAN MIGUEL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is an objection to the Presentence Report ("PSR") by the defendant. The Probation Department prepared the original PSR, to which the Government objected, arguing that the defendant should not be entitled to a four-level adjustment for his role in the offense. After reviewing the Government's position, Probation concurred and amended the PSR accordingly, allowing the defendant a two-level adjustment as a minor participant, rather than a four-level adjustment as a minimal participant. It is this revision to which the defendant objects. San Miguel contends that he was a minimal participant in the conspiracy and was therefore entitled to a four-level adjustment in his offense level under U.S.S.G. § 3B1.2.

Section 3B1.2 requires a four-level decrease if the defendant was a minimal participant in any criminal activity and a two-level decrease if the defendant was a minor participant. A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n. 4. A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n. 5.

The defendant bears the burden of proving that his role was minor or minimal. *United States*

*v. Atanda*, 60 F.3d 196, 198 (5th Cir.1995). The Fifth Circuit has held that, "when a sentence is based on an activity in which a defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor or minimal." *Atanda*, 60 F.3d at 199.

The defendant avers that he was never paid to transport cocaine and, in fact, did not know that he was transporting cocaine inasmuch as it was hidden in the bottom of chicken coops, which were cleared through customs. He was hired as a farm hand and resided in a trailer owned by Peter Ramos. His job was to care for the animals and property. The night of the stop, when the 5 kilograms of cocaine were seized, the defendant thought and was told that the chickens were being seized because of an FDA violation. The defendant did not realize that his sole purpose in accompanying the driver was to prevent the driver from stealing the cocaine. The defendant asserts that, had he known about the cocaine, he would have "asked for payment for his services." See Objection by Defendant dated March 26, 2009.

The Government asserts that the defendant's actual participation in the conspiracy consisted of assisting in the loading of the cocaine, the storage of cocaine, and in one instance, he assisted in the actual transportation of cocaine that resulted in the seizure of 5 kilograms. The Government conceded that San Miguel's participation was minor when compared to the rest of the organization, yet stresses that the defendant's participation continued over two-year period of time and involved large sums of cocaine.

Considering the evidence before the court, including the defendant's stipulated factual basis for his guilty plea in which he admits that he was responsible for loading cocaine that was stored in the chicken cages, assisted in transporting the cocaine, occasionally storing cocaine in the trailer in

which he resided, and monitored the property where the cocaine was stored, the court finds that San Miguel was not "plainly among the least culpable of those involved" to warrant the four-level adjustment. The defendant's objection IS OVERRULED and the Revised PSR shall remain unchanged.

Lake Charles, Louisiana, this ⎯2⎯ day of April, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE